UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JERRY LEONARD ELLIS,<br><br>               Petitioner,<br><br>v.<br><br>STEVEN LITTLE, Warden, Southern Idaho Correctional Institution,<br><br>               Respondent. | Case No. 1:15-cv-00515-BLW<br><br>**ORDER** |

Pending before the Court in this habeas corpus matter are Petitioner's requests that the Court reconsider its January 27, 2017 Order granting Respondent's motion for partial summary dismissal and dismissing Claims 1, 2, and 6 through 22 as procedurally defaulted. Also pending are several other motions filed by the parties.

Petitioner has filed the following requests for reconsideration: (1) a Motion in Objection to Memorandum Decision and Order; (2) a Motion for Relief and to Vacate a Judgment or Order; (3) a Motion for Reconsideration of an Interlocutory Order; and (4) a Supplemental Motion for Reconsideration of an Interlocutory Order. (Dkts. 56, 57, 65, 67.) Petitioner cites various rules in his Motions, including Rule 60(b), which applies only to final orders. *See United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) ("Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders . . . .").

ORDER - 1

Because the Court's January 27, 2017 Memorandum Decision and Order was not a final order, the Court construes all of Petitioner's requests for reconsideration as seeking to invoke the Court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

The Court does not find sufficient cause to reconsider its January 27, 2017 Memorandum Decision and Order. Other than Petitioner's arguments regarding timeliness and cognizability, which are moot because the Court did not base its decision on those grounds, Petitioner's Motions present little more than a disagreement with the Court's legal analysis—a matter for appeal, not reconsideration. Petitioner has not shown that the Court's decision to grant Respondent's motion for partial summary dismissal was clearly erroneous or that it will work a manifest injustice. Thus, Petitioner's requests for reconsideration will be denied.

**ORDER**

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time (Dkt. 55) is GRANTED.

2. Petitioner's Motion in Objection to Memorandum Decision and Order, Motion for Relief and to Vacate a Judgment or Order, Motion for Reconsideration of an Interlocutory Order, and Supplemental Motion for Reconsideration of an Interlocutory Order (Dkts. 56, 57, 65, & 67) are DENIED.

3. Petitioner's Motion for Correction to his reply in support of the remaining claims in the Petition (Dkt. 66) is GRANTED.

4. Petitioner's Motion to Enter Judgment (Dkt. 70) is DENIED as premature to the extent that it requests that the Court grant the Petition, and DENIED as moot to the extent Petitioner seeks a ruling on his pending motions.

5. The Court will issue a merits decision on Petitioner's remaining claims at a later date.

DATED: February 21, 2018

B. Lynn Winmill
Chief U.S. District Court Judge